## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, David P. Morgan, being duly sworn and under oath, state the following:

### PROPERTY TO BE SEIZED

2015 Chevrolet Silverado Truck, VIN: 1GC1KWEG1FF179713.

### INTRODUCTION

1. I am a Special Agent (SA) with the Federal Bureau of Investigation. I have been employed by the FBI since December of 1996. I am currently assigned to the Akron Resident Agency of the Cleveland Field Division.

2. As a Special Agent with the FBI, I currently investigate criminal matters related to White Collar Crime, Public Corruption, and Cyber Crimes including the receipt and distribution of child pornography. For seven (7) years of my FBI career, I was assigned as a Supervisory Special Agent supervising the investigation of all criminal violations investigated by the FBI as well national security violations related computer intrusion matters. Prior to my supervisory experience, I spent 11 years investigating White Collar Crime, Organized Crime, Computer Crimes, and Terrorism.

3. The statements contained in this affidavit are based in part on information provided by FBI Special Agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of administrative subpoenas; the results of visual surveillance conducted by law enforcement agents; independent investigation and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent with the FBI. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested seizure warrant, I have

[1]

not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the necessary foundation for the requested warrant.

4. Based on the following, Affiant has probable cause to believe, and does believe that the motor vehicle to be seized hereunder is subject to seizure and criminal/civil forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 by BRIAN K. STEPP and/or RACHEL M. PENN.

## Background

5. Based upon interviews of Variety Contractors personnel, including the owner, and from a review of personnel records, your affiant learned the following background information:

6. In January 2013, Variety Contractors' Owner-President ("Owner") hired BRIAN K. STEPP as Variety Contractors' Vice-President of New Construction and Development. Variety Contractors issued a corporate credit card to STEPP that was to be used only for business-related expenses and, in particular, expenses that STEPP incurred while on official travel for Variety Contractors, in furtherance of his duties for the company. At the end of 2013, STEPP was promoted to Acting President and took over day-to-day control of Variety Contractors' operations because STEPP had expressed an interest in purchasing Variety Contractors at a future date.

7. As Acting President, STEPP had access to Variety Contractors' financial information including banking, project expenditures and costs, and accounts receivable and payable information. STEPP was responsible on a daily basis for overseeing all project management and financial matters at Variety Contractors, including authorizing payment

of invoices to third parties. Notwithstanding STEPP's promotion, the Owner retained ultimate decision-making authority regarding the overall direction of the company as it related to significant projects. The Owner further retained oversight and control regarding all matters relating to STEPP's compensation, and the Owner's approval was required to make any changes. In particular, STEPP was not authorized to expend corporate funds on personal expenditures.

8. Between August 2013 and June 2015, RACHEL M. PENN was employed by Variety Contractors in its Accounting Department, first working on accounts payable and accounts receivable, and later transitioning to Payroll and Human Resources. In these positions, PENN had access to Variety Contractors' financial books and records and, in particular, the internal requests for payments known at Variety Contractors as "Check Requests." Among other things, PENN was also responsible for reviewing employee's corporate credit card charges and verifying that the charge was appropriate.

## The Scheme to Defraud Variety Contractors

9. Evidence supports that from in or around February 2014, and continuing through in or around May 2015, STEPP, PENN, and others, devised and intended to devise a scheme and artifice to defraud and obtain money and property from Variety Contractors by means of false and fraudulent pretenses, representations, and promises, which money and property was used to enrich STEPP and PENN and pay for personal expenditures on STEPP's behalf.

10. Your affiant has learned that STEPP submitted "check requests" and purchase orders to Variety Contractors falsely indicating that goods and services had been provided to

Variety Contractors in connection with its construction projects and authorizing payment for such goods and services, including those associated with the fake invoices STEPP had submitted.

11. Based upon interviews of Variety Contractors personnel and a review of records, your affiant learned that STEPP and PENN fraudulently caused Variety Contractors to make payments to third parties for STEPP's benefit by issuing checks and otherwise paying the fake invoices that STEPP had submitted to Variety Contractors.

12. Based upon interviews of Variety Contractors personnel and a review of records, one such fake check request occurred on September 22, 2014, which requested payment of $31,500 to "G.C.I." purporting to be for a "Deposit for Exterior Metal Panels" in connection with a construction project for Menards. Variety Contractors issued a check to "G.C.I." in the requested amount the following day. On September 25, 2014, PENN reissued a new check in the same amount in place of the original check, this time made payable to "Ganley." As PENN then knew, STEPP delivered this check to Ganley Chevrolet Inc. to partially pay for a new 2015 Chevy Silverado pickup truck (the subject of this seizure warrant request) that he purchased in his wife's name.

13. In addition, the controller of Variety Contractors stated that PENN reviewed and paid the corporate credit card expenses for STEPP which included a corporate credit card charge made on or about September 22, 2014 in the amount of $1,000, payable to Ganley Chevrolet, Inc. This charge was made by STEPP as a down-payment for the 2015 Chevy Silverado pickup truck.

14. From interviews of personnel at Ganley Chevrolet, Inc. and at Bank of America, your affiant learned that STEPP and PENN caused to be transmitted by means of wire

communication in interstate commerce, writings, signs, signals, pictures and sounds, to and from the Northern District of Ohio and elsewhere. In this case, such interstate wires included funds and related transactional information sent from Ganley Chevrolet in Cleveland, OH, to Ganley Chevrolet's Bank of America bank account; an account which is domiciled in Florida and a bank whose headquarters is located in Charlotte, NC. This wire transfer was in violation of Title 18, United States Code, Section 1343.

### Conclusion

15. There is probable cause to believe that STEPP and PENN violated Title 18, United States Code, Section 1343, United States Code, Wire Fraud. Additionally, the proceeds that STEPP and PENN obtained from their criminal activity were used to purchase a 2015 Chevrolet Silverado which is the subject of this seizure warrant application

16. Based on the foregoing, Affiant has probable cause to believe, and does believe that the motor vehicle to be seized hereunder is subject to seizure and criminal/civil forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 by STEPP and/or PENN.

17. Therefore, I respectfully request that seizure warrants be issued for the subject motor vehicle, and state that a protective order would not be sufficient to assure the availability of the property for forfeiture.

David P. Morgan
Special Agent
Federal Bureau of Investigation

[6]

Subscribed and sworn to before me this 14th day of September, 2016

_____
JONATHAN D. GREENBERG
United States Magistrate Judge